[Cite as *In re Mitchell*, 2011-Ohio-4269.]



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: LISA M. MITCHELL


LISA M. MITCHELL

      Applicant


Case No. V2010-50396

Commissioners:
Karl C. Kerschner
Elizabeth Luper Schuster
Susan G. Sheridan

## ORDER OF A THREE-COMMISSIONER PANEL

{1}On April 6, 2009, the applicant, Lisa Mitchell, filed a compensation application as the result of the murder of her son on June 18, 2007. On August 4, 2009, the Attorney General issued a finding of fact and decision determining that the applicant did not qualify as a victim of criminally injurious conduct as the result of the death of her son. Pursuant to the holding in *In re Clapacs* (1989), 58 Ohio Misc. 2d 1, a person can qualify as a victim if they meet the following criteria:

{2}1) The person has a close relationship with the one upon whom the crime was committed;

{3}2) The person had a direct awareness of the crime or arrived in the immediate aftermath; and

{4}3) The person sustained psychological injury so severe that it impeded or prohibited the person from doing or enjoying his or her day-to-day activities.

{5}In the case at bar, the Attorney General found the applicant did not have direct awareness of the crime committed against her son and did not arrive in the

immediate aftermath of the crime.   Accordingly, the applicant's claim was denied.   On August 13, and 31, 2009, the applicant submitted requests for reconsideration.   On

March 8, 2010, the Attorney General rendered a Final Decision finding no reason to modify its initial decision. On April 2, 2010, the applicant filed a notice of appeal from the March 8, 2010 Final Decision of the Attorney General. Hence, a hearing was held before Commissioners Ostry, Kerschner, and Schuster on November 17, 2010 at 12:15 P.M.

{6}Assistant Attorney General Amy O'Grady appeared on behalf of the state of Ohio. However, neither the applicant nor her attorney attended the hearing.

{7}The Attorney General related that the two issues presented by this appeal were: 1) whether the applicant qualified as an indirect victim as the result of the murder of her son; and 2) whether the medical expenses submitted were directly related to expenses incurred as the result of the alleged victimization. However, the Attorney General asserts that the applicant has not met her burden of proof with respect to either of these issues, and accordingly, the Attorney General's Final Decision should be affirmed.

{8}Detective Kathleen Carlin, Cleveland Division of Police Homicide Unit, was called to testify via telephone. Detective Carlin related she was assigned to handle the investigation of the death of Christopher Mitchell. She testified concerning the investigation of the crime scene. The crime scene was sealed by the Cuyahoga County Coroner's Office for approximately 24 hours. The officer testified that she was at the crime scene for approximately five hours. To the best of the detective's knowledge, the applicant never came to the crime scene on the day of the incident. She did not know if Ms. Mitchell ever went to the crime scene or to the coroner's office. Detective Carlin related her office received a call from Lisa Mitchell on June 19, 2007, the day after the incident, that unknown individuals were entering the crime scene and

removing the decedent's personal property. However, a followup investigation revealed that the crime scene had not been disturbed. Although the applicant was apprised of the events surrounding her son's death, Ms. Mitchell was unable to provide the police with any useful information.

{9}Based upon a question posed by a commissioner, the detective testified that the applicant was never present at the crime scene during the time her son's body remained there. Whereupon the testimony of Detective Carlin was concluded.

{10}In conclusion, the Attorney General stated that the applicant has failed to prove by a preponderance of the evidence that she was a victim in her own right. The Attorney General asserted the only evidence presented by the applicant is contained in her brief, but based on the testimony of Detective Carlin it is clear the applicant was not at the crime scene in the presence of her son's body. Furthermore, the apartment was orderly, there were no signs of a struggle and the decedent's bloody clothing and a towel were removed from the crime scene before the applicant's arrival. Due to the fact that the applicant chose not to testify, it is unclear what she saw when she entered the decedent's apartment. In summary, the Attorney General believes insufficient evidence has been submitted to show the psychological injury was severe enough to cause or impede the applicant's enjoyment of her day-to-day activities. Whereupon, the hearing was concluded.

{11}In order to qualify as an indirect victim of crime an applicant must present evidence regarding the following factors:

{12}1) the person's proximity to the location of the crime;

{13}2) the relationship between the person and the person actually assaulted or killed; and

{14}3) the shock directly attributable to the sensory and contemporaneous observance of the incident.

{15}In addition, the psychological injury must be of such a debilitating nature as to impede or prohibit the resumption or enjoyment of day-to-day activities. *In re Clapacs,* supra; *In re Fife* (1989), 59 Ohio Misc. 2d 1.

{16}Black's Law Dictionary Sixth Edition (1990) defines preponderance of the evidence as: "evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows that the fact sought to be proved is more probable than not."

{17}Black's Law Dictionary Sixth Edition (1990) defines burden of proof as: "the necessity or duty of affirmatively proving a fact or facts in dispute on an issue raised between the parties in a cause. The obligation of a party to establish by evidence a requisite degree of belief concerning a fact in the mind of the trier of fact or the court."

{18}On April 6, 2011, a notice was issued informing the parties that pursuant to Rule 1.12(b) of the Rules of Professional Conduct Commissioner Randi M. Ostry was recusing herself. The parties were given the option of having the case at bar decided by the two remaining commissioners; allow a randomly selected third commissioner to review the case file and hearing a reach a decision together with the two sitting commissioners; or have the case reheard.

{19}On April 13, 2011 and April 15, 2011, the Attorney General and the applicant respectively, filed notices of selection requesting a randomly selected third commissioner to be chosen to review the case at bar and come to a decision with the two sitting commissioners. Commissioner Susan G. Sheridan was randomly selected and upon a full and careful review of the case file, hearing and deliberation with the two sitting commissioners the following decision was rendered.

{20}Upon review of the file and with full and careful consideration given to the testimony presented at the hearing, we find the applicant has failed to prove, by a preponderance of the evidence, that she qualifies as an indirect victim of crime pursuant to the holdings of *In re Clapacs* and *In re Fife*. We found the testimony of Detective Carlin to be persuasive with respect to the applicant's failure to view the crime scene in the presence of her son's body. Furthermore, the failure of the applicant to appear at the hearing deprived this panel the opportunity to determine exactly what the applicant saw, experienced, and felt when she went to her son's apartment. The applicant has the burden to prove each and every element of her case to establish eligibility; she failed to do so in this case. Accordingly, the Final Decision of the Attorney General is affirmed.

IT IS THEREFORE ORDERED THAT

{21}1)   The March 8, 2010 decision of the Attorney General is AFFIRMED;

{22}2)   This claim is DENIED and judgment is rendered in favor of the state of Ohio;

{23}3)   Costs are assumed by the court of claims victims of crime fund.


_____

KARL C. KERSCHNER
Commissioner


_____

ELIZABETH LUPER SCHUSTER
Commissioner


_____

SUSAN G. SHERIDAN
Commissioner

ID #I:\VICTIMS\2010\50396\V2010-50396 Mitchell.wpd\DRB-tad

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Cuyahoga County Prosecuting Attorney and to:

Filed 6-24-11
Jr. Vol. 2279, Pgs. 41-46
Sent to S.C. Reporter 8-23-11